IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                               PLAINTIFF/RESPONDENT

V.                  Criminal No. 2:09-cr-20073-PKH-MEF-1
                     Civil No. 2:16-cv-02153-PKH-MEF

ROSHAUN D. TERRY                                     DEFENDANT/PETITIONER

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed July 5, 2016. (Doc. 74) The matter is ready for Report and Recommendation.

## I. Background

On December 9, 2009, Defendant/Petitioner, Roshaun D. Terry ("Terry"), was named in an Indictment charging him with: two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts One and Two); aiding and abetting in the possession of more than 50 grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and 18 U.S.C. § 2 (Count Three); aiding and abetting in maintaining a place, namely a residence, for the purpose of distributing and using a controlled substance, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count Four); and, felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count Five). (Doc. 1) Terry appeared before the Hon. James R. Marschewski, U. S. Magistrate Judge, for arraignment on January 14, 2010, at which time Terry entered a not guilty plea to the Indictment. (Doc. 20) The Court appointed Naif Samuel Khoury ("Khoury"), a CJA panel attorney, to represent Terry. (Docs. 20, 25)

On March 11, 2010, Terry appeared with counsel before the Hon. Robert T. Dawson, U. S. District Judge, for a change of plea hearing. (Doc. 36) A written Plea Agreement was presented to the Court, and Terry pleaded guilty to Count Three of the Indictment charging him with aiding and abetting in the possession of more than 50 grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and 18 U.S.C. § 2. (Docs. 36, 37) The Court accepted the plea and ordered a Presentence Investigation Report ("PSR"). (Doc. 36)

An initial PSR was prepared by the United States Probation Office on April 21, 2010. (Doc. 60, p. 1) On April 23, 2010, the Government advised that it had no objections to the initial PSR. (Doc. 60, p. 14) On May 10, 2010, Terry advised that he had numerous objections to the initial PSR, including objections to the enhancements assessed for possession of a firearm and being a career offender. (Doc. 60, pp. 14-17) The Probation Officer made no changes to the PSR as a result of these objections. (Id.)

On June 3, 2010, a final PSR was submitted to the Court. (Doc. 60, p. 1) The final PSR determined that Terry was accountable for a total of 70.06 grams of crack cocaine. (Doc. 60, ¶ 18) That drug quantity resulted in a base offense level of 30. (Doc. 60, ¶ 20) A two-level specific offense characteristics enhancement was made for possession of a firearm. (Doc. 60, ¶ 21) No victim related, role in the offense, or obstruction of justice adjustments were made. (Doc. 60, ¶¶ 22-24) Terry was determined to be a career offender, enhancing his offense level to 37; and, after a three-level reduction for acceptance of responsibility was made, his total offense level was determined to be 34. (Doc. 60, ¶ 28)

Terry's criminal history resulted in a criminal history score of 12, placing him in criminal history category V; but, due to his career offender status, his applicable criminal history category was

determined to be VI. (Doc. 60, ¶¶ 35-37) The offense of conviction provided for a statutory term of imprisonment of not less than ten years up to life imprisonment. (Doc. 60, ¶ 52) Based upon a total offense level of 34 and a criminal history category of VI, Terry's advisory Guidelines range was determined to be 262 to 327 months imprisonment. (Doc. 60, ¶ 53)

Terry appeared for sentencing on August 6, 2010. (Doc. 53) The Court imposed a below-Guidelines sentence of 175 months imprisonment, to run consecutively to any undischarged term of imprisonment with the Arkansas Department of Corrections in Sebastian County Circuit Court Case Nos. CR-08-153, CR-04-831A, and CR-04-544C, a fine of $3,000.00, and a $100.00 special assessment. (Doc. 53) Judgment[1] was entered by the Court on August 6, 2010. (Doc. 54)

Terry timely filed his Notice of Appeal on August 10, 2010. (Doc. 57) On appeal, Terry argued his sentence was unreasonable because (1) it was consecutive to his undischarged State term of imprisonment, and (2) it was greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a). (Doc. 68-1, p. 2) His appeal was denied by the Court of Appeals for the Eighth Circuit on June 27, 2011 (Doc. 68-1), and the Mandate was issued on July 18, 2011 (Doc. 68).

On November 22, 2011, Terry filed a motion seeking a sentence reduction based upon retroactive application of the crack cocaine amendments[2] to the Sentencing Guidelines. (Doc. 69) Finding that Terry's total offense level and imprisonment range were unaffected because of his career offender status, and that he did not qualify for a sentence reduction, Terry's motion was

---

[1] The Judgment also included imposition of five years supervised release.

[2] Amendment 750, effective on November 1, 2011, which made permanent the emergency amendment (Amendment 748, effective on November 1, 2010) to the Drug Quantity Table of U.S.S.G. § 2D1.1 which reduced the base offense levels for offenses involving cocaine base, and which was adopted in response to the passage of the Fair Sentencing Act.

denied by the Court on February 1, 2012. (Docs. 71, 89)

On July 5, 2016, Terry filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion"). (Doc. 74) The motion raises one ground for relief: that the sentence imposed violates his Due Process rights due to a miscalculation of his Sentencing Guidelines. (Doc. 74, p. 4) More specifically, Terry contends that there was an error in the calculation of his career offender status, and that his prior convictions in Sebastian County Circuit Court in Case Nos. CR-04-544C and CR-04-831A should not have been counted as separate convictions. (Doc. 75, pp. 4-5)

Terry filed an Amendment/Supplement to his motion on August 22, 2016. (Doc. 83) In his Amendment, Terry argued that none of his prior convictions can be used to trigger career offender enhancement in light of *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). (Doc. 83, p. 2)

The United States' response in opposition to the motion was filed on September 28, 2016. (Doc. 88) Terry filed a reply on October 17, 2016. (Doc. 90)

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or

infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Terry's motion, and the files and records of this case, conclusively shows that Terry is not entitled to relief, and the undersigned recommends the denial and dismissal of Terry's § 2255 motion with prejudice without an evidentiary hearing.

### A. Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The operative date in this case is "the date on which the judgment of conviction becomes final." For the purpose of starting the clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *See Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003).

Judgment was entered on August 6, 2010. (Doc. 54) The Court of Appeals for the Eighth

Circuit affirmed Terry's conviction and sentence on June 27, 2011. (Doc. 68-1) That court's mandate issued on July 18, 2011. (Doc. 68) *See* Fed. Rules App. Proc. 40(a)(1) and 41(b) (when no petition for rehearing is filed, a court of appeals' mandate issues 21 days after entry of judgment). Terry did not file a petition for a writ of certiorari in the United States Supreme Court. The time in which he could have petitioned for certiorari expired on September 25, 2011, which is 90 days after entry of the court of appeals' judgment, *see* Sup.Ct.R. 13.1, and 69 days after the issuance of the appellate court's mandate. From that date, Terry had one year, or until September 25, 2012, to timely file a § 2255 habeas petition. Terry filed his § 2255 motion on July 5, 2016, nearly four years after the limitations period expired.

Terry argues, however, that his § 2255 motion is timely because it was filed within one year of beginning his federal sentence, and it was filed within one year of the *Mathis* decision. (Doc. 75, p. 4; Doc. 90, p. 2) Neither of these positions is tenable.

Terry offers no legal authority to support his first position. His failure to do so constitutes a waiver of the argument. *See, e.g., United States v. Mendoza-Gonzalez*, 520 F.3d 912, 918 n. 4 (8th Cir. 2008) (finding failure to cite legal authority was grounds for waiver of argument), *vacated on other grounds, Mendoza-Gonzalez v. United States*, 556 U.S. 1232, 129 S.Ct. 2377, 173 L.Ed.2d 1289 (2009); *Chyma v. Tama County School Board*, 2008 WL 4552942, *2 (N.D. Iowa 2008) (citing *Jordan v. Bowersox*, 2008 WL 441697 at *32 (E.D. Mo. 2008) ("A movant must cite appropriate and available precedent if he expects to prevail."); *Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. Partnership*, 25 F. App'x 738, 744 (10th Cir. 2001) (citing *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970) ("[C]itation of but one authority, and that of no pertinence, suggests either that there is no authority to sustain its position or that it expects

the court to do its research.")). Moreover, 28 U.S.C. § 2255(f) plainly does not provide for tolling of the one-year limitations period during the time a defendant serves a State sentence of imprisonment prior to beginning to serve a federal sentence ordered to run consecutively.

As for Terry's second argument, *Mathis* did not announce a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* did not announce a new rule of constitutional law, made retroactive by the Supreme Court; it is a case of statutory interpretation); *Slaughter v. United States*, 2017 WL 1196483, *4 n. 2 (E.D. Mo. 2017) (the divisibility rule in *Mathis* is not a "new" rule). Accordingly, *Mathis* does not provide an independent basis upon which to bring an otherwise untimely § 2255 motion.

Further, Terry has failed to allege and demonstrate the presence of any other statutory or equitable reasons to toll the limitations period, so any such tolling would be inappropriate.

Terry's § 2255 motion has been filed beyond the applicable one-year period of limitation, and the motion should be summarily dismissed as untimely.

### B. Procedural Default

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (internal citations omitted). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary

and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only* if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id*.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley*, 523 U.S. at 622; *Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000); *Lindsey v. United States*, 615 F.3d 998 (8th Cir. 2010).

Terry raises a claim of sentencing error. Only a narrow category of sentencing errors are of a constitutional nature and can form the basis of a § 2255 claim. *See*, *e.g.*, *Sawyer v. Whitley*, 505 U.S. 333, 348-50, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) (the "actual innocence" exception applied to constitutional errors in capital sentencing only when the constitutional error resulted in the petitioner becoming statutorily eligible for a death sentence that could not otherwise have been imposed). The *Sawyer* holding has been limited to capital cases, and courts have otherwise made clear that allegations of Sentencing Guidelines errors are not cognizable under § 2255 *unless* the sentence exceeds the statutory maximum. *See Sun Bear v. United States*, 644 F.3d 700, 708 (8th Cir. 2011) (en banc) (internal citations omitted) ("While Section 2255 does provide relief for cases in which 'the sentence was in excess of the maximum authorized by law,' this provision applies to

violations of statutes establishing maximum sentences, rather than garden-variety Sentencing Guideline application issues."); *see also, Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (ordinary questions of Guidelines interpretation falling short of the "miscarriage of justice" standard do not present a proper § 2255 claim; error in interpreting the career offender Guidelines does not present a cognizable claim).

After pleading guilty to the offense of conviction and being sentenced, Terry sought relief from his sentence on direct appeal. He argued that his sentence was unreasonable because it was consecutive to his undischarged State term of imprisonment, and it was greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a). *United States v. Terry*, 419 F. App'x 694, 695 (8th Cir. 2011). Terry did not raise on direct appeal the Guidelines miscalculation claim he now brings in his § 2255 motion. By failing to do so, he has procedurally defaulted the claim.

This procedural default may be excused only if Terry "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (internal citations omitted). "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Terry makes no such showing here. He fails to demonstrate how the factual or legal basis for his Guidelines miscalculation claim was not reasonably available to him in time to pursue relief on direct appeal. He made numerous objections to the PSR, including two objections related to his career offender status (Doc. 60, pp. 14-15), so he was clearly aware of the issues related to the calculation, or alleged miscalculation, of the Guidelines range resulting from his status as a career

offender in time to pursue relief on direct appeal. He simply failed to do so.

Further, there is no assertion by Terry that some interference by government officials, or some external impediment, prevented him from raising his Guidelines miscalculation claim in the trial court or on direct appeal.

Since Terry has not shown adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). Additionally, Terry neither claims nor demonstrates miscarriage of justice through actual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Terry failed to raise his claim of a miscalculation of the Sentencing Guidelines on direct appeal, and he cannot now satisfy the "cause and prejudice" standard, nor demonstrate actual innocence, or show that his sentence exceeded the statutory maximum. His claim has been procedurally defaulted, and his § 2255 motion should be dismissed.

### C. Terry's Prior Convictions Are Valid Career Offender Predicates

Terry initially argued the Court erred in applying the career offender Guideline to him by counting both of his 2004 controlled substance convictions separately. (Doc. 75, pp. 4-5) In his Supplement, Terry refined his argument to contend that none of his prior convictions can serve as predicates for career offender enhancement in light of *Mathis*. (Doc. 83, p. 2) Conceding that Terry's 2004 convictions should have been counted together because there was no intervening arrest,

the United States nonetheless contends that the Guidelines calculation, including career offender status, was correct. (Doc. 88, p. 7) I find no miscalculation of the Guidelines in the determination that Terry is a career offender.

Terry has three prior convictions for controlled substance offenses, all in the Circuit Court of Sebastian County, Arkansas. Terry was arrested on May 4, 2004 (with an offense date of May 4, 2004), and in CR-04-544C he was charged with Possession of Cocaine with Intent to Deliver. (Doc. 60, ¶ 32; Doc. 92-1, p. 1) Terry was arrested again on August 6, 2004 (with an offense date of May 3, 2004), and in CR-04-831A he was charged with Delivery of Cocaine. (Doc. 60, ¶ 33; Doc. 92-1, p. 3) Finally, in CR-08-153A, Terry was arrested on February 9, 2008 (with an offense date of February 9, 2008), and he was charged with Possession of Marijuana with Intent to Deliver. (Doc. 60, ¶ 34; Doc. 92-1, p. 5)

The offense date in CR-08-831A was May 3, 2004, but Terry was not arrested for that offense until August 6, 2004. The offense date, and arrest date, in CR-04-544C was May 4, 2004. Terry correctly argues, and the Government admits, that Terry's arrest on August 6, 2004 for an offense committed on May 3, 2004 did not constitute an intervening arrest under U.S.S.G. § 4A1.2(a)(2). That, however, does not resolve the issue of whether the Sentencing Guidelines were miscalculated to determine Terry's status as a career offender.

Terry's initial argument – that he cannot be a career offender once CR-04-544C and CR-04-831A are counted together as one conviction – completely ignores his controlled substance conviction in CR-2008-153A and the career offender requirements of U.S.S.G. § 4B1.1(a). Pursuant to § 4B1.1(a), a defendant is a career offender if (1) he was at least 18 years old at the time he committed the instance offense of conviction, (2) the instant offense of conviction is a felony that

is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Terry does not dispute that the first two requirements are met; his focus is on the third element. His argument, however, simply overlooks that even when his 2004 controlled substance offenses are counted together as one conviction, when coupled with his 2008 conviction for Possession of Marijuana with Intent to Deliver he still has at least two prior felony convictions of a controlled substance offense, thus satisfying the third requirement of § 4B1.1(a). Accordingly, the base offense level enhancement (Doc. 60, ¶ 28) and criminal history category enhancement (Doc. 60, ¶ 37) as a career offender was correctly calculated.

Terry's supplemental argument similarly affords him no relief. *Mathis* does not invalidate his prior controlled substance convictions for purposes of career offender enhancement.

"Controlled substance offense" is defined in U.S.S.G. § 4B1.2(b) as meaning "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

In each of his prior offenses, Terry was charged with violating A.C.A. § 5-64-401, which provided "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance."[3] The elements of A.C.A. § 5-64-401 clearly fall within the

---

[3] A.C.A. § 5-64-401 was repealed by Acts of 2011, Act 570, § 33, effective July 27, 2011. In its place, the Arkansas Legislature enacted, inter alia, A.C.A. § 5-64-420 "Possession of methamphetamine or cocaine with the purpose to deliver," A.C.A. § 5-64-422 "Delivery of methamphetamine or cocaine," and A.C.A. § 5-64-424 "Possession of a Schedule I or Schedule II controlled substance that is not methamphetamine or cocaine with the purpose to deliver."

-12-

definition of U.S.S.G. § 4B1.2(b).

Notably, while Terry makes a general argument under *Mathis*, he does not specifically address why each of his prior controlled substance convictions no longer serve as valid predicates for purposes of career offender enhancement. The record demonstrates that the elements of Terry's prior convictions do meet the "controlled substance offense" definition of § 4B1.2(b). In CR-04-544C Terry was charged with and convicted of Possession of Cocaine with Intent to Deliver. (Doc. 60, ¶ 32; Doc. 92-1, pp. 1, 12-17) In CR-04-831A he was charged with and convicted of Delivery of Cocaine. (Doc. 60, ¶ 33; Doc. 92-1, pp. 3, 12-17) And, in CR-08-153A he was charged with and convicted of Possession of Marijuana with Intent to Deliver. (Doc. 60, ¶ 34; Doc. 92-1, pp. 5, 20-22)

Terry's prior convictions are all clearly "controlled substance offenses," and his *Mathis* argument lacks substance. From a thorough review of the record, I conclude that there was no miscalculation of the Sentencing Guidelines in the determination that Terry is a career offender.

### D. No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255). No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (8th Cir. 2008). Those are the circumstances in this case. Resolution of Terry's claim can be accomplished by reviewing the record and applicable law. A thorough review of Terry's § 2255 motion, the files and records of this case, and applicable law, shows that Terry is entitled to no relief. Accordingly, I recommend the summary dismissal of

Terry's § 2255 motion without an evidentiary hearing.

### E. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

For the reasons discussed above, I conclude that Terry has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III. Conclusion

I recommend that Terry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 74) be **DISMISSED with PREJUDICE**. I further recommend that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of May, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE