UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              No. 2:09-CR-20073-001

ROSHAUN D. TERRY                                                            DEFENDANT

## ORDER

Defendant has filed a motion (Doc. 112) to reduce his sentence and for a resentencing hearing pursuant to Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government has responded (Doc. 113), agreeing that Defendant is eligible for a sentencing reduction but arguing that he is not entitled to a plenary resentencing hearing. Although the Eighth Circuit has not addressed whether plenary resentencing is permitted under the First Step Act, the Fifth Circuit held that defendants are not entitled to plenary resentencing. *United States v. Hegwood*, 934 F.3d 414 (5th Cir. 2019), *cert. denied*, --U.S.--, 2019 WL 4923453 (Oct. 7, 2019).

> The mechanics of First Step Act sentencing are these. The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act. The district court's action is better understood as imposing, not modifying, a sentence, because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception. The new sentence conceptually substitutes for the original sentence, as opposed to modifying that sentence.

*Id.* at 418–19 (holding that the older version of the career offender enhancement still applied on First Step Act resentencing).

Defendant pled guilty on March 11, 2010, to aiding and abetting the knowing possession with intent to distribute of more than 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2. He was sentenced on August 6, 2010, to a term of imprisonment for 175 months and a term of supervised release of 5

years. The calculations in his presentence investigation report relied on a statutory mandatory minimum term of imprisonment of not less than 10 years and a statutory maximum term of imprisonment of life, and calculated a guidelines-recommended range of imprisonment 262 months to 327 months and term of supervised release of 5 years. Had the Fair Sentencing Act of 2010 determined Defendant's statutory sentencing range for the charged quantity of controlled substances, the statutory sentencing range would have been not less than 5 years and not more than 40 years. 21 U.S.C. § 841(b)(1)(B)(iii). Defendant's statutory range of supervised release would have been not less than 4 years and up to life. 21 U.S.C. § 841(b)(1)(B). Under the sentencing guidelines in effect at the time of his sentencing, Defendant still would have been a career offender, but because his maximum term of imprisonment was 40 years, rather than life, and because he received a 3-level downward adjustment for acceptance of responsibility under USSG. § 3E1.1, his offense level would have been adjusted to 31. United States Sentencing Commission, *Guidelines Manual*, § 4B1.1(b)(B) (Nov. 2009). With an offense level of 31 and a criminal history category of VI, Defendant's guidelines-recommended range of imprisonment would have been 188 months to 235 months. *Id*. at § 5A. His recommended range of supervised release would have been not less than 4 years and not more than 5 years. *Id.* at § 5D1.2(a)(1), (c).

At sentencing, this Court[1] varied downward from the guidelines-recommended range of imprisonment and imposed a sentence of imprisonment that was approximately 2/3 the length of the minimum guidelines range, and a statutory minimum term of supervised release. "[P]lacing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act" and imposing a "new sentence [that] conceptually substitutes for the original sentence, as opposed to modifying that sentence," the

---

[1] Hon. Robert T. Dawson.

Court will impose a sentence that is approximately 2/3 of the length of the guidelines-recommended minimum of 188 months and a statutory minimum term of supervised release.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 112) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the sentence imposed on Defendant is amended as follows: Roshaun D. Terry is sentenced to a term of imprisonment of 125 months, to run consecutively to any undischarged term of imprisonment with the Arkansas Department of Corrections, in Sebastian County Circuit Court Case #CR08-153, #CR04-831A, and #CR04-544C. Upon release from imprisonment, Mr. Terry is to be placed on supervised release for a term of 4 years. Defendant's sentence otherwise remains as originally imposed. An amended judgment will be entered separately.

IT IS SO ORDERED this 5th day of November, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE